OPINION OF THE COURT

Per Curiam.

Order entered November 7, 1979 affirmed, with $10 costs.
Respondent is an original member of a class of tenants who obtained a favorable judicial declaration of rights under the Rent Stabilization Law (Administrative Code of City of New York, § YY51-1.0 et seq.) in connection with the co-operative conversion of premises situated at 360 East 72nd Street, Manhattan. The Court of Appeals, finding that the sponsor had resorted to “improper and impermissible promotion tactics”, held that the co-operative plan would not be allowed to defeat the rights of nonpurchasing tenants in occupancy; declared that existing proprietary *218 leases were subject to the rights of such nonpurchasers; and directed the co-operative corporation to enter into leases with each of the nonpurchasers who so demanded (Richards v Kaskel, 32 NY2d 524, 534, 540-541). In result, the initial conversion plan was effectively reduced to what might now be characterized as a “non-eviction plan”. Subsequent to Richards v Kaskel (supra), the co-operative executed three-year renewals with this tenant in 1973 and 1976, the last lease expiring September 30, 1979. Petitioner acquired the shares allocable to tenant’s apartment in or about June, 1979 and declined to offer a renewal lease at the expiration of the term. This holdover proceeding is based upon subdivision (a) of section 54 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc. (Code) which, by its terms, excuses a proprietary lessee from the obligation to offer a renewal lease where he does not reside in the building and seeks in good faith to recover possession.
As aptly observed by Judge Freedman, a ruling now in petitioner’s favor would essentially circumvent the order of the Court of Appeals. Furthermore, neither the Rent Stabilization Law (Administrative Code, § YY51-6.0, subd c, par [9]) nor the Code adopted thereunder (§ 61) is addressed to “non-eviction” plans within the City of New York, and subdivision (a) of section 54 of the Code cannot reasonably be read as at all relating to or defining the rights of proprietary lessees vis-a-vis tenants in occupancy under noneviction plans; its application should be limited to owners under eviction plans only (Tarman v Rowe, 112 Misc 2d 708). (Appellant’s reliance upon dicta in this court’s decision inHecht v Stagg, NYLJ, Dec. 4,1980, p 10,, col 3, is unavailing inasmuch as that case pertained to an eviction plan.) While a noneviction plan permits co-operatian of a building to go forward with a lesser percentage of subscriptions, it gives correspondingly greater protection to tenants in possession who do not choose to or who are unable to purchase the units in which they reside (see, e.g., General Business Law, § 352-eee, subd 2, par [c], cl [i], treating rights of nonpurchasing tenants under noneviction plans in co-operative conversions without the City of *219 New York.) A noneviction plan is not a noneviction plan if tenants in occupancy can be summarily evicted.
Finally, it is noteworthy that the Conciliation and Appeals Board, the agency charged with the responsibility for administering the Rent Stabilization Law and to whose expertise we ordinarily defer, directed that petitioner tender a renewal lease to the tenant in October, 1981. In the course of its opinion, the board specifically rejected petitioner’s construction of subdivision (a) of section 54, stating: “A proprietary lessee’s right to evict a tenant for her own use and occupancy only obtains when the cooperative conversion has been done pursuant to an ‘eviction plan’, that is, a conversion plan which strictly adheres to section 61 of the Code”.
Tierney, J. P., Riccobono and Sullivan, JJ., concur.